UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTIN PRODUCING             CIVIL ACTION NO. 05-1601

versus             JUDGE STAGG

EOG RESOURCES, INC.             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**[1]

EOG Resources, Inc. ("EOG") removed this civil action based on an assertion of diversity jurisdiction. EOG alleges that it is incorporated in Delaware and has its principal place of business in Texas. EOG alleges that the plaintiff, Martin Producing, L.L.C., is a Louisiana limited liability company with its domicile in Caddo Parish and "with its members being citizens and residents of the State of Louisiana." Notice of Removal, paragraph 3.

Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S. 12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Cosgrove v. Bartolotto, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003). Accordingly, it is incumbent on the party asserting

---

[1] This Memorandum Order is not intended for commercial print or electronic publication.

diversity to identify and allege the citizenship of each member of an LLC party.

If EOG wishes to ensure that this case remains in federal court, it should (1) identify the members of the LLC and (2) plead with specificity their citizenship. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in remand for want of jurisdiction. See Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002). The court is aware that the members of a Louisiana LLC are not always apparent from public records, so EOG's lack of specificity at this point is understandable. Counsel for the LLC is encouraged to cooperate in providing counsel for EOG specific information regarding the members of the LLC, which is necessary to determine whether there is diversity of citizenship. If the LLC elects not to cooperate, EOG is hereby granted leave to take depositions or conduct other discovery with respect to the citizenship issue.

EOG will be permitted until **October 28, 2005** to file an **Amended Notice of Removal** that sets forth the citizenship of all members of the LLC with specificity. This exercise may *seem* unnecessary, but it often reveals that there is no diversity jurisdiction. An excellent example is found in Hart v. Terminix International, 336 F.3d 541 (7th Cir. 2003), where eight years of federal litigation before four different judges was found to have been a complete waste of time because the citizenship of partners in a limited partnership was not specifically traced through the layers until that task was mandated by the appellate court and revealed a lack of diversity.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 23rd day of September, 2005.

                                          MARK L. HORNSBY
                                          UNITED STATES MAGISTRATE JUDGE